**DISMISS; and Opinion Filed September 4, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00460-CR
No. 05-18-00461-CR

**EARL WAYNE HUMPHRIES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-75667-R & F17-75062-R**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Stoddart
Opinion by Justice Stoddart

Earl Wayne Humphries was indicted for the capital murders of Alejandro Morales-Martinez and Luis Arturo Segovia. He pleaded guilty to the two lesser charges of murder, each enhanced by two prior convictions, under plea bargain agreements with the State. The trial court followed the plea bargain agreements, found appellant guilty, and assessed punishment at thirty-five years in prison in each case. Appellant then filed notices of appeal with this Court. For the reason that follows, we dismiss these appeals for want of jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the

punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). Although a defendant under these circumstances does not waive his right to file a motion for new trial, any notice of appeal filed by him fails to "initiate the *appellate* process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014) (emphasis added).

Here, appellant entered into a plea agreement with the State in each case. The agreements stated appellant would plead guilty to each offense; in exchange, the State agreed to reduce the offenses from capital murder to the lesser-included offense of murder which necessarily affected the punishment range for each case. On April 3, 2018, the trial court followed the plea bargain agreement, found appellant guilty of murder, found the two enhancement paragraphs true, and assessed punishment at thirty-five years in prison in each case. The trial court's certifications of appellant's right to appeal state the cases involve plea bargains and appellant has no right to appeal.

Appellant filed his notices of appeal followed by motions for new trial. Although appellant did not waive his right to file his motions for new trial, he did waive his right to appeal when he pleaded guilty under plea agreements with the State which were followed by the trial court. As a result, appellant's April 19 notices of appeal are ineffective to initiate the appellate process, and we lack jurisdiction over these appeals. *See id*.

In reaching this conclusion, we necessarily reject appellant's invitation, raised in his July 2, 2018 motion, to abate these cases and remand them to the trial court for a hearing on his motions for new trial. Although he concedes the seventy-five day deadline for holding a hearing on his motions for new trial passed on June 17, appellant claims we could nevertheless abate the appeals for a hearing using the "power granted" to us under rule 2 of the rules of appellate procedure. TEX.

R. APP. P. 2.  To invoke the power of rule 2, or any appellate rule, this Court must first have jurisdiction.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Because we lack jurisdiction, we cannot grant appellant the relief he requests.

We dismiss these appeals for want of jurisdiction.


/Craig Stoddart/
CRAIG STODDART
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)

180460F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EARL WAYNE HUMPHRIES, Appellant

No. 05-18-00460-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-75667-R.
Opinion delivered by Justice Stoddart.
Chief Justice Wright and Justice Myers participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.


Judgment entered this 4th day of September, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EARL WAYNE HUMPHRIES, Appellant

No. 05-18-00461-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-75062-R.
Opinion delivered by Justice Stoddart.
Chief Justice Wright and Justice Myers participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 4th day of September, 2018.