

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1322-13

**JERRY PAUL LUNDGREN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### WISE COUNTY

HERVEY, J., delivered the opinion of the unanimous Court. KELLER, P.J., filed a concurring opinion.

### O P I N I O N

Appellant, Jerry Paul Lundgren, was arrested for driving while intoxicated. He pled guilty pursuant to a plea-bargain agreement, waived his right to appeal, and was placed on community supervision. About a week later, Appellant was arrested again. After his second arrest, Appellant filed a motion for new trial and a notice of appeal in his first case. Later, the State filed a motion to revoke Appellant's community supervision,

and the trial court did so. Appellant argues that his filing of a timely notice of appeal and motion for new trial retroactively stayed the commencement of his community supervision; therefore, the court of appeals erred when it upheld the trial court's ruling. Because we conclude under these facts that Appellant's filing of a timely and effective motion for new trial retroactively stayed the commencement of his community supervision until it was overruled by operation of law, we will reverse the judgment of the court of appeals and remand this case.

## BACKGROUND

### A. Trial

Appellant was arrested for misdemeanor driving while intoxicated ("DWI"). On January 7, 2011, Appellant pled guilty pursuant to a plea-bargain agreement and was sentenced to 365 days' confinement, which was suspended for 18 months of community supervision. The judgment stated that Appellant's community supervision commenced the same day the judgment was entered. Appellant's plea-bargain agreement, which the trial court followed, included two waivers of appeal, the details of the bargain, and the signatures of Appellant and his counsel. On January 14, 2011—a week after Appellant pled guilty and his punishment was assessed—he was arrested for DWI again.[1]

After Appellant's arrest for the second DWI, Appellant filed a timely notice of appeal and motion for new trial in his first case. His notice of appeal was filed on January

---

[1]Appellant was arrested after police responded to report of an intoxicated man, who turned out to be Appellant, asleep in a silver truck in a drive-through lane of Whataburger.

19, 2011, and his motion for new trial was filed on January 28, 2011. After Appellant's filings, the State filed a motion to revoke Appellant's community supervision (from the first offense) for violating conditions of his community supervision (because of the second offense). Appellant's appeal was dismissed by the court of appeals on March 3, 2011, his motion for new trial was overruled by operation of law on March 23, 2011, and the court of appeals issued its mandate dismissing Appellant's appeal on May 12, 2011. *See* TEX. R. APP. P. 21.8(a) & (c) (stating that a motion for new trial that is not timely ruled upon is denied by operation of law 75 days after the original sentence is imposed or suspended in open court). The court of appeals asked Appellant to show grounds that his appeal conferred jurisdiction on the court of appeals, but the court never received a response. As a result, the court of appeals dismissed Appellant's appeal. *See Lundgren v. State*, No. 02-11-00023-CR, 2011 WL 754344 (Tex. App.—Fort Worth Mar. 3, 2011, no pet.) (per curiam) (mem. op.) (not designated for publication).

After mandate issued, the trial court entered two additional judgments in Appellant's first DWI case. First, it entered a Post Mandate Enforcement of Prior Judgment of Conviction that stated Appellant's community supervision began the day the judgment was entered, June 22, 2011. Second, it entered a judgment nunc pro tunc to reflect that Appellant's driver's license would be suspended due to his being convicted of DWI. The second judgment also reflected that Appellant's community supervision began on June 22, 2011 and not January 7, 2011, as the original judgment stated.

In response to the State's motion to revoke, Appellant filed a motion to quash the State's revocation motion because Appellant claimed that he did not violate his community supervision. His argument was based on the fact that he had timely filed a motion for new trial and notice of appeal in his first case; therefore, his community supervision became enforceable only after the appellate mandate issued and his motion for new trial was overruled. To support his argument, Appellant cited *Ross v. State*, 523 S.W.2d 402, 405 (Tex. Crim. App. 1975) and *McConathy v. State*, 544 S.W.2d 666 (Tex. Crim. App. 1976), respectively.[2] The trial court overruled Appellant's motion to quash and concluded that Appellant failed to secure the permission of the court to appeal or file a motion for new trial. In addition, the court ruled that it could revoke Appellant's community supervision because Appellant's supervision was effective on January 7, 2011—the date the original judgment was signed. Therefore, the trial court reasoned, Appellant's second arrest was a violation of the conditions of his community supervision.

On February 2, 2012, the trial court revoked Appellant's community supervision and remanded him to the custody of the sheriff to discharge a 300 day term of confinement.[3] Appellant timely appealed the trial court's revocation order.

---

[2]At a hearing on the motion to quash, Appellant's counsel argued that "[t]he Notice of Appeal and the Motion for New Trial were filed before the State's Motion to Revoke was filed, and, because of that, we would ask the Motion to Revoke be quashed in that the terms and conditions of probation did not take effect until a later date."

[3]At the hearing on the State's motion to revoke, the judge stated that he would sentence Appellant to only 300 days confinement, and not the entire 365 days to which he was originally sentenced.

**B. Appeal**

On appeal, Appellant and the State advanced largely the same arguments. The court of appeals began its analysis by noting, "all parties agree that the terms and conditions of community supervision are not in effect while a case is on appeal or during the pendency of a motion for new trial." *Lundgren v. State*, 417 S.W.3d 11, 15–16 (Tex. App.—Fort Worth 2013) (citing *Ross*, 523 S.W.2d at 405; *Humphries v. State*, 261 S.W.3d 144, 145 (Tex. App.—San Antonio 2008, no pet.); *McConnell v. State*, 34 S.W.3d 27 (Tex. App.—Tyler 2000, no pet.)). The court of appeals also recognized that precedent from this Court "suggests" that filing a motion for new trial or an appeal from a judgment ordering community supervision would retroactively stay the commencement of an appellant's community supervision until the motion and appeal are resolved and the judgment becomes final. However, relying on an opinion from another court of appeals, the court concluded that the trial court retained jurisdiction to "exercise its authority to punish violations of its conditions  of community supervision," and that Appellant's timely "notice of appeal and motion for new trial were ineffective to retroactively act as a cure for [the] violations." *Id.* at 20 (quoting *McConnell*, 34 S.W.3d at 30). The court also reasoned that its decision was proper because "the unique procedural posture of this case requires a different result." *Id.*

With respect to Appellant's argument regarding the post-mandate judgments, the court of appeals stated that, "[a]t the time of Appellant's violation, . . . [Appellant's]

community supervision commenced seven days before the violation." *Id.* Therefore, the court concluded, the post-mandate judgments entered by the trial court "did not alter what occurred before they were entered." *Id.*

Appellant then filed a petition for discretionary review, which we granted on two grounds: (1) "The court of appeals, in a 2-1 decision, erred in holding that the terms and conditions of the Defendant's community supervision began, not when the court of appeals' mandate issued after a timely appeal was filed, but at the earlier date when the trial court entered its original judgment based upon the Defendant's negotiated plea of guilty," and (2) "The court of appeals, in a 2-1 decision, erred in holding that the subsequent judgment, issued by the trial court after a mandate had issued by the court of appeals, did not control the beginning date of the Defendant's terms and conditions of probation even though the State did not challenge or appeal that subsequent judgment."

## ARGUMENTS OF THE PARTIES

Appellant argues that he was not on community supervision when he was alleged to have violated the conditions of his supervision because his filing of a notice of appeal and a motion for new trial retroactively stayed the commencement of his community supervision. Therefore, Appellant asserts, the court of appeals erred when it held that the trial court properly overruled Appellant's motion to quash. In support of his argument, Appellant cites caselaw from this Court and secondary source material. Appellant's Brief on the Merits, at 5 (citing *Ross*, 523 S.W.2d at 405; *Delorme v. State*, 488 S.W.2d 808,

810 (Tex. Crim. App. 1973); *Smith v. State*, 478 S.W.2d 518, 520 (Tex. Crim. App.

1972)); 43B GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL

PRACTICE AND PROCEDURE § 55:137 (3d ed. 2011)).

The State agrees with Appellant that, once he appealed his conviction, state law is

clear that an appellant's punishment, including community supervision, is stayed "while

the case is on appeal." *See Ross*, 523 S.W.2d at 402. However, the State argues that the

cases cited by Appellant are distinguishable because in those cases "there was a jury or

judge verdict, or no waiver by appellant. The State is unaware of any Texas cases where

the [d]efendant pled guilty with a valid appellate waiver and subsequently appealed." To

support its waiver argument, the State cites a number of cases from this Court. *See*

*Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003); *Ex parte Tabor*, 565

S.W.2d 945, 946 (Tex. Crim. App. 1978); *Ex parte Hogan*, 556 S.W.2d 352, 353 (Tex.

Crim. App. 1977).

**DISCUSSION**

***A. Appellant's notice of appeal did not toll the commencement of his community***
***supervision because his notice of appeal was ineffective.***

We have addressed the finality of judgments in a number of lines of cases,[4] and, in

---

[4]*See, e.g.*, *Milburn v. State*, 201 S.W.3d 749, 750 (Tex. Crim. App. 2006) (whether previous felony conviction was final such that the appellant was not entitled to an instruction on community supervision for a subsequent offense); *Jones v. State*, 711 S.W.2d 634, 636 (Tex. Crim. App. 1986) (whether a previous conviction is final such that it can be used to enhance a subsequent offense); *Delorme*, 488 S.W.2d at 810 (holding that, when an appeal is taken, the terms of community supervision do not commence until the appellate mandate has issued and the judgment is final); *McConathy*, 544 S.W.2d at 668 (holding that, if no notice of appeal is filed,

the context of convictions on appeal, we have repeatedly held that a judgment of conviction is not final while the conviction is on appeal. *Milburn v. State*, 201 S.W.3d 749, 752 (Tex. Crim. App. 2006). This is because of the possibility that the trial court's judgment "could be retroactively vitiated by the mere filing of a . . . notice of appeal." *Id.* at 753–54. Following this same rule, if a defendant files a timely and effective notice of appeal, that filing stays the commencement of the community-supervision term imposed until appellate mandate has issued affirming the judgment of conviction.[5] *See Delorme*, 488 S.W.2d at 810; *McConathy*, 544 S.W.2d at 668 (applying the same nonfinality rule to motions for new trial). However, the filing of an ineffective notice of appeal is treated differently. *See Tabor*, 565 S.W.2d at 946 (enforcing a waiver of appeal and agreeing that the filed notice of appeal was ineffective because the waiver of appeal was binding). If an appellate court dismisses an appeal because the notice of appeal, though timely, was ineffective to initiate the appellate process, then the judgment was "deemed to be final on the date of sentencing." *Id.*; *Jones*, 77 S.W.3d 819, 820 (Tex. Crim. App. 2002).

In this case, the record reflects that Appellant pled guilty pursuant to a plea-bargain agreement that the State would recommend 18 months' community supervision. Appellant executed two different appellate waivers, and the trial court imposed an 18-

the terms of community supervision commence when a motion for new trial is overruled and the trial-court judgment becomes final).

[5]It is, of course, also possible that an appellate court could reverse the judgment of conviction for which Appellant was placed on community supervision, which would vitiate the conviction. *See Milburn*, 201 S.W.3d at 753–54.

month term of community supervision pursuant to the plea-bargain agreement. After Appellant was arrested again, he filed a notice of appeal in his first case, and the State filed a motion to revoke Appellant's community supervision. Appellant's appeal was dismissed for a lack of jurisdiction, and the court issued its mandate on May 12, 2011. On February 2, 2012, the trial court revoked Appellant's community supervision resulting from his first DWI.

Appellant is correct that a timely and effective notice of appeal tolls the commencement of a community-supervision term while the case is on appeal. But Appellant's timely notice of appeal was *not* effective in this case because he had entered into a binding appellate waiver, as the court of appeals held. Thus, Appellant's notice of appeal failed to initiate the appellate process, and as a result, his community supervision should have begun "on the date of sentencing." *Jones*, 77 S.W.3d at 820; *Tabor*, 565 S.W.2d at 946.

However, the resolution of when Appellant's community-supervision term commenced is more complex because Appellant also filed a timely and effective motion for new trial, and the State argues that a binding waiver of appeal applies to the filing of notices of appeal and the filing of motions for new trial. We now turn to those questions.

**B. A valid, express waiver of the right to appeal does not waive a defendant's ability to file a motion for new trial.**

The authority for a defendant to appeal can be found in Article 44.02 of the Texas Code of Criminal Procedure and Rule 25.2(a)(2) of the Texas Rules of Appellate

Procedure. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Motions for new trial are addressed in Rule 21 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 21. And while it is true that appeals and motions for new trial are both organizationally located in the section "Appeals from Trial Court Judgments and Orders" of the Texas Rules of Appellate Procedure, the topics are addressed in separate rules and are handled differently.

For example, in some cases, Rule 21.2 specifically contemplates that a motion for new trial is a prerequisite to presenting an issue on appeal. TEX. R. APP. P. 21.2 ("A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts in the record."). In addition, although motions for new trial and notices of appeals are both filed at the trial-court level,[6] only a trial court can grant or overrule a motion for new trial (unless the motion is overruled by operation of law) and only an appellate court can render judgment on appeal. *See* TEX. R. APP. P. 21.1 (defining new trial as the "rehearing of a criminal action after the trial court has . . . set aside a finding or verdict of guilt"), 43.2 (delineating the types of judgments a court of appeals may enter when considering an appeal from a trial court judgment). Moreover, when a motion for new trial is filed, the trial court has the opportunity to reconsider the proceedings and to correct any errors it may agree occurred in the defendant's trial by

---

[6]*See Ex parte De Los Reyes*, 392 S.W.3d 675, 677 (Tex. Crim. App. 2013) (noting that a defendant must file a motion for new trial in the trial court); TEX. R. APP. P. 21.1; 25.2(c)(1) (requiring that notices of appeal must be given in writing and filed with the trial court clerk).

setting aside the defendant's finding or verdict of guilt or sentencing. *See* TEX. R. APP. P. 21.1, 21.9(a). In contrast, an appeal is an opportunity for a defendant to argue to a different tribunal that his conviction was flawed despite the trial judge's or jury's conclusion to the contrary. *See* BLACK'S LAW DICTIONARY 118 (10th ed. 2014) (defining "appeal" as "[t]o seek review (from a lower court's decision) by a higher court . . . .").

In sum, although the word "appeal" could be used colloquially to refer to a motion for new trial or a notice of appeal in the sense that both procedural mechanisms serve a review function, we hold that motions for new trial and appeals are sufficiently different that an appellate waiver will not waive a defendant's right to file a motion for new trial.

### C. The trial court erred in revoking Appellant's community supervision because it did not commence until his motion for new trial was overruled by operation of law.

We now turn to the question of whether Appellant's filing of a motion for new trial retroactively stayed the commencement of his community-supervision term such that the trial judge erred in overruling Appellant's motion to quash.

Appellant filed a timely and effective motion for new trial.[7] And we have held that when a timely and effective motion for new trial is filed, and no notice of appeal was given, or in this case an ineffective notice of appeal was filed and disposed of, the terms of community supervision commence on the day the motion for new trial is overruled by operation of law. *See McConathy*, 544 S.W.2d at 668.

---

[7]The State makes no additional arguments regarding whether Appellant's motion for new trial was timely or effective.

We hold that Appellant's timely and effective filing of a motion for new trial tolled the commencement of his community supervision, unlike his ineffective notice of appeal. In this case, Appellant had taken action to suspend the finality of the judgment by filing an effective and timely motion for new trial. Because Appellant's motion for new trial was timely and effective, the mere filing of it *did* retroactively render the judgment placing him on community supervision nonfinal. As a result, the commencement of his community-supervision term was also stayed until the motion for new trial was overruled. Thus, the judgment placing Appellant on community supervision for his first DWI became final on March 23, 2011, when his motion for new trial was overruled by operation of law. *See McConathy*, 544 S.W.2d at 668. The court of appeals erred when it affirmed the ruling of the trial court denying Appellant's motion to quash. *See id.*

In light of the disposition of this case, we need not reach the question of whether the trial court's post-mandate enforcement judgment altered the commencement date of Appellant's community supervision. We reverse the judgment of the court of appeals and remand this case to the court of appeals for further proceedings not inconsistent with this opinion.

Hervey, J.

Delivered: June 25, 2014

Publish