

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00085-CR

JERRY PAUL LUNDGREN                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM COUNTY COURT AT LAW OF WISE COUNTY
### TRIAL COURT NO. CR-66896

----------

## MEMORANDUM OPINION[1] ON REMAND

----------

This appeal is before us after a remand from the court of criminal appeals. *See* Tex. R. App. 78.1(d).  On original submission, we held that Appellant's violations of his community-supervision terms, which occurred after his negotiated sentence of community supervision was imposed but before Appellant's motion for new trial was overruled by operation of law, subjected him

---

[1]*See* Tex. R. App. P. 47.4.

to revocation. We concluded that the trial court, therefore, did not err by denying Appellant's motion to quash the State's motion to revoke his community supervision based on the alleged violation occurring before his community-supervision judgment became final. *Lundgren v. State*, 417 S.W.3d 11, 22 (Tex. App.—Fort Worth 2013).

The court of criminal appeals held, however, that Appellant's timely and effective filing of a motion for new trial retroactively tolled the commencement of his community supervision; therefore, the terms of Appellant's community supervision were not in effect one week after Appellant pleaded guilty to DWI when Appellant was again arrested for DWI but before Appellant's motion for new trial was overruled by operation of law. *Lundgren v. State*, No. PD-1322-13, 2014 WL 2865806, at *5–6 (Tex. Crim. App. June 25, 2014). As a result, the trial court should have granted Appellant's motion to quash the State's motion to revoke Appellant's community supervision. *Id.* at *6. The court of criminal appeals reversed our prior judgment and remanded to this court "for further proceedings not inconsistent with this opinion." *Id.*; *see* Tex. R. App. P. 78.1(d).

Based on the court of criminal appeals' reasoning, we hold that the trial court erred by denying Appellant's motion to quash because the judgment upon which the community supervision was based was not a final judgment at the time the alleged violations occurred. We sustain Appellant's first issue, reverse the trial court's order denying Appellant's motion to quash, and order the motion to

revoke community supervision dismissed. We need not address Appellant's other issues.  *See* Tex. R. App. P. 47.1; *Lundgren*, 2014 WL 2865806, at *6.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 21, 2014