**Dismissed and Opinion Filed September 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00823-CR
No. 05-18-00824-CR

**BAKARI MIKHAIL KYLE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-13635-K & F18-14061-K**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Myers

Bakari Mikhail Kyle appeals the trial court's orders deferring adjudication for two offenses of evading arrest, each enhanced by a prior conviction for evading arrest. Appellant entered into plea agreements with the State, which included waiving his right to appeal in each case. Following the plea agreements, the trial court deferred adjudication of guilt and placed appellant on community supervision for three years in each case. The trial court prepared and signed certifications of the right to appeal, stating the cases were plea bargain cases and appellant had no right to appeal. Appellant then filed notices of appeal with this Court. For the reason that follows, we dismiss these appeals for want of jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West

2018); TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, appellant entered into plea agreements with the State, agreeing to plead guilty to each offense in exchange for the State's recommendation that he be placed on deferred adjudication for three years. On June 12, 2018, the trial court followed the plea bargain agreements and placed appellant on deferred adjudication for three years in each case. The trial court's certifications of appellant's right to appeal state the cases involve plea bargain agreements and appellant has no right to appeal. Under these circumstances, appellant's July 12 notices of appeal are ineffective to initiate the appellate process, and we lack jurisdiction over these appeals. *See id*.

We dismiss these appeals for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180823F.U05

—2—



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BAKARI MIKHAIL KYLE, Appellant

No. 05-18-00823-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F18-13635-K.
Opinion delivered by Justice Myers,
Justices Evans and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.


Judgment entered this 6th day of September, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BAKARI MIKHAIL KYLE, Appellant

No. 05-18-00824-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F18-14061-K.
Opinion delivered by Justice Myers,
Justices Evans and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 6th day of September, 2018.