**Dismissed; Opinion Filed September 11, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00701-CR

**LARRY CHARLES WALKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-76467-N**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Evans

Larry Charles Walker appeals his conviction for aggravated assault with a deadly weapon. On May 21, 2018, appellant entered into a plea agreement with the State, which included waiving his right to appeal. That same day, the trial court followed the plea agreement, found appellant guilty, and assessed punishment, enhanced by a prior felony conviction, at ten years in prison. The trial court prepared and signed a certification of the right to appeal, stating it was a "plea-bargain case" and appellant had no right to appeal. Appellant then filed his notice of appeal with this Court. We dismiss this appeal for want of jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in

which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Appellant, who was represented by counsel, entered into a plea agreement with the State, agreeing to plead guilty and waive his right to appeal in exchange for the State's recommendation that he receive ten years confinement. The plea agreement was signed by appellant, his trial counsel, the district attorney, and the trial court. On May 21, 2018, the trial court followed the plea bargain agreement, found appellant guilty, made an affirmative finding that appellant used or exhibited a deadly weapon, and assessed punishment at ten years in prison. The trial court's certification of appellant's right to appeal states this is a "plea-bargain case" and appellant has no right to appeal. Under these circumstances, appellant's June 18 notice of appeal is ineffective to initiate the appellate process, and we lack jurisdiction over this appeal. *See id.*

We dismiss this appeal for want of jurisdiction.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180701F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

LARRY CHARLES WALKER, Appellant

No. 05-18-00701-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-76467-N.
Opinion delivered by Justice Evans, Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.


Judgment entered this 11th day of September, 2018.