**Dismissed; Opinion Filed April 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00417-CR

**EVAN ALBERT MCGINLEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-60637-S**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

Evan Albert McGinley appeals his conviction for failure to register as a sex offender.

Appellant entered into a plea agreement with the State, which included waiving his right to appeal.

The trial court followed the plea agreement and assessed punishment at ten years in prison,

probated for three years. The trial court prepared and signed a certification of appellant's right to

appeal, stating this case is a plea bargain case and appellant had no right to appeal. Appellant then

filed his notice of appeal with this Court. For the reason that follows, we dismiss this appeal for

want of jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the code of criminal

procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02); TEX.

R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a

defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, appellant entered into a plea agreement with the State, agreeing to plead nolo contendere in exchange for the State's recommendation that he receive ten years confinement, probated for three years. On November 29, 2018, the trial court followed the plea bargain agreement, found appellant guilty, and assessed punishment at ten years confinement, probated for three years. The trial court's certification of appellant's right to appeal states the case involves a plea bargain agreement and appellant has no right to appeal. Under these circumstances, appellant's notice of appeal is ineffective to initiate the appellate process, and we lack jurisdiction over this appeal. *See id*.

We dismiss this appeal for want of jurisdiction.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190417F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EVAN ALBERT MCGINLEY, Appellant

No. 05-19-00417-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F17-60637-S.
Opinion delivered by Justice Nowell,
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 26th day of April, 2019.