**DISMISS and Opinion Filed April 30, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00390-CR

## KORWIN JEANAL WILBURN, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F16-33130-N

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Korwin Jeanal Wilburn appeals the trial court's order deferring adjudication for assault family violence, with a deadly weapon. Appellant entered into a plea agreement with the State, which included waiving his right to appeal. The trial court followed the plea agreement and deferred adjudication of guilt, placing appellant on community supervision for nine months. The trial court prepared and signed a certification of the right to appeal, stating this case is a plea bargain case and appellant had no right to appeal. Appellant then filed his notice of appeal with this Court. For the reason that follows, we dismiss this appeal for want of jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02); TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a

defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, appellant entered into a plea agreement with the State, agreeing to plead nolo contendere in exchange for the State's recommendation that he be placed on deferred adjudication for nine months. He also waived his right to appeal. On January 30, 2019, the trial court followed the plea bargain agreement and placed appellant on deferred adjudication for nine months. The trial court's certification of appellant's right to appeal states the case involves a plea bargain agreement and appellant has no right to appeal. Under these circumstances, appellant's notice of appeal is ineffective to initiate the appellate process, and we lack jurisdiction over this appeal. *See id*.

We dismiss this appeal for want of jurisdiction.

/Amanda L. Reichek/
AMANDA L. REICHEK
Do Not Publish                    JUSTICE
TEX. R. APP. P. 47.2(b)
190390F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KORWIN JEANAL WILBURN, Appellant

No. 05-19-00390-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-33130-N.
Opinion delivered by Justice Reichek, Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered April 30, 2019