**DISMISS and Opinion Filed August 26, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00822-CR

**JOSHUA LEWIS NEAL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F19-00213-X**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Joshua Lewis Neal appeals his conviction for assault family violence. Appellant pleaded guilty under a plea bargain agreement with the State and waived his right to appeal in exchange for a reduced charge and the dismissal of an enhancement paragraph. After finding appellant guilty, the trial court assessed punishment at 180 days in county jail. Appellant filed his notice of appeal on July 3, 2019.

After the clerk's record was filed, we notified the parties that we had concerns regarding our jurisdiction in this appeal. Specifically, the notice of appeal appeared to be untimely filed. We asked the parties to file jurisdictional letter briefs; appellant responded, stating that the Court did not have jurisdiction because appellant waived his right to appeal in conjunction with his plea bargain agreement with the State. The State concurred.

A timely filed notice of appeal is required to invoke this Court's jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In the absence of a timely filed notice of appeal, we have no option other than to dismiss the appeal. *Id*. A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, or within ninety days after sentencing if the defendant timely filed a motion for new trial, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a).

The trial court entered judgment on April 30, 2019; absent a timely filed motion for new trial, the notice of appeal was due on May 30, 2019. *See* TEX. R. APP. P. 26.2(a). The clerk's record shows the notice of appeal was filed on July 3, 2019. No motion for new trial was filed. Thus, the notice of appeal is untimely.

We further note that the clerk's record shows appellant entered into a plea bargain with the State in which he agreed to waive his right to appeal in exchange for the State dismissing an enhancement paragraph and reducing the charge. The trial court's certification of appellant's right to appeal states this is a plea bargain case and appellant waived his right to appeal. When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Because we lack jurisdiction, we dismiss this appeal.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190822F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSHUA LEWIS NEAL, Appellant

No. 05-19-00822-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F19-00213-X.
Opinion delivered by Justice Reichek,
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered August 26, 2019