**DISMSIS and Opinion Filed August 27, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00753-CR

**ALEX PERRY NEAL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-83919-2018**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Pedersen, III
Opinion by Chief Justice Burns

On June 19, 2019, the trial court found Alex Perry Neal guilty of attempted obstruction or retaliation and assessed punishment at nine months in state jail. This appeal followed.

The clerk's record, filed August 16, 2019, shows appellant was indicted for "intentionally and knowingly threaten[ing] to harm another, namely J. Claggett, by an unlawful act, namely assaulting or killing Claggett, in retaliation for on account of the status of Claggett as a public servant, namely a Plano Police Officer." Obstruction or retaliation is a third-degree felony. TEX. PENAL CODE ANN. §36.06(c).

In June 2019, appellant entered into a plea bargain agreement with the State in which he agreed to plead guilty in exchange for the charge being reduced to attempted obstruction or retaliation, a state-jail felony, and a recommended sentence of nine months. The trial court followed the plea bargain agreement, found appellant guilty of the lesser-included offense, assessed punishment at nine months, and certified that appellant had no right of appeal because this was a plea-bargain case.

In a plea-bargain case, a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." *See* TEX. R. APP. P. 25.2(a)(2); *see Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016) (plea bargain is preconviction agreement between State and defendant in which defendant agrees to plead guilty or nolo contendere in exchange for concession by State, including reduction in charge, promise of sentencing leniency, or promise of recommendation from prosecutor to judge as to punishment). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, the record shows appellant expressly waived his right to appeal in exchange for the State's recommendation of nine months confinement and a reduced charge, but the record does not show appellant filed any pretrial motions that were ruled on before trial or that he received the trial court's permission to appeal. Under these circumstances, we conclude appellant waived his right to appeal. Therefore, his notice of appeal is ineffective to initiate the appellate process, and we lack jurisdiction over this appeal. *See Lundgren*, 434 S.W.3d at 599, 600 (when appellant waives right to appeal as part of plea bargain agreement with State, subsequent notice of appeal filed by him fails to "initiate the appellate process" and deprives appellate court of jurisdiction over appeal).

We dismiss this appeal for want of jurisdiction.

/Robert d. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190753F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALEX PERRY NEAL, Appellant

No. 05-19-00753-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83919-2018.
Opinion delivered by Chief Justice Burns. Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered August 27, 2019