**Dismiss and Opinion Filed January 4, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00999-CR**
**No. 05-20-01000-CR**

**JESSIE JAMES CASTON JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause Nos. 2-20-0163 & 2-20-0164**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

Jessie James Caston Jr. was convicted of credit or debit card abuse against an elderly individual and aggravated robbery of a person 65 years of age or older. Appellant entered into a plea agreement with the State in each case, waiving his right to appeal as part of the agreement. The trial court followed the plea agreement and assessed punishment at ten and fifteen years, respectively, in prison. As required by rule 25.2, the trial court prepared and signed a certification of the right to appeal, stating each case is a plea bargain case and appellant had no right to appeal. After appellant filed notices of appeal with this Court, the State filed a motion to dismiss

the appeals. After the clerk's records were filed, we sent a letter questioning our jurisdiction. Appellate counsel responded, agreeing that the State's motion was proper.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, appellant entered into plea agreements with the State, agreeing to plead guilty in exchange for the State's recommendation that he be assessed ten years in prison for the credit/debit card abuse case and fifteen years in prison for the aggravated assault case. He also waived his right to appeal. On October 22, 2020, the trial court followed the plea bargain agreements, found appellant guilty, and assessed punishment at ten and fifteen years in prison.

The clerk's records show there were no adverse rulings in any pretrial written motions. And the trial court's certifications of appellant's right to appeal each state the case involves a plea bargain agreement, and appellant has no right to appeal. Under these circumstances, appellant's notices of appeal are ineffective to initiate the appellate process, and we lack jurisdiction over the appeals. *See id.*

We grant the State's motion and dismiss these appeals for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200999F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESSIE JAMES CASTON JR., Appellant

No. 05-20-00999-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-20-0163.
Opinion delivered by Justice Myers. Justices Osborne and Carlyle participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 4th day of January, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JESSIE JAMES CASTON JR.,
Appellant

No. 05-20-01000-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 2-20-0164.
Opinion delivered by Justice Myers.
Justices Osborne and Carlyle
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 4th day of January, 2021.