**Dismissed and Opinion Filed April 8, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-21-00171-CR
_____

**NATHANIEL HOWARD THOMAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-32566-V**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Myers

Nathaniel Howard Thomas was charged with failure to register as a sex offender, a third-degree felony. Appellant entered into a plea agreement with the State in which he agreed to plead guilty to attempted failure to register, a state jail felony, in exchange for the State's recommended sentence of eight months. In addition, appellant agreed to waive his right to appeal. After being admonished in open court, appellant pleaded guilty and acknowledged he had waived his right to appeal. The trial court found appellant guilty, followed the plea bargain agreement, and assessed punishment at eight months in a state jail facility. As required by rule

25.2, the trial court prepared and signed a certification of appellant's right to appeal, stating this case is a plea bargain case and appellant has no right to appeal. Appellant subsequently filed a notice of appeal with this Court. We dismiss this appeal.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, appellant agreed to plead guilty to the lesser charge of attempted failure to register in exchange for the State's recommendation that he be sentenced to eight months in state jail. He also waived his right to appeal which he acknowledged in the written plea agreement and in open court. On December 18, 2020, the trial court followed the plea bargain agreement, found appellant guilty, and assessed punishment at eight months in state jail.

The clerk's record shows there were no adverse rulings in any pretrial written motions. And the trial court's certification of appellant's right to appeal states the case involves a plea bargain agreement, appellant has no right to appeal, and appellant waived his right of appeal. Under these circumstances, appellant's notice of appeal is ineffective to initiate the appellate process, and we lack jurisdiction over the appeal. *See id*.

We dismiss this appeal for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200171F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

NATHANIEL HOWARD
THOMAS, Appellant

No. 05-21-00171-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F15-32566-V.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Garcia
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 8th day of April, 2021.