**DISMISS and Opinion Filed March 15, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-21-01048-CR
No. 05-21-01049-CR
No. 05-21-01050-CR
No. 05-21-01051-CR
No. 05-21-01052-CR
No. 05-21-01053-CR

**TONY DONALD BOBILLO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-11861-U, F20-12281-U, F20-12361-U, F20-12362-U, F20-72038-U & F20-72174-U**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Goldstein

Tony Donald Bobillo appeals his convictions for third degree felony theft of property valued between $30,000 and $150,000, three state jail felony offenses of credit/debit card abuse, and two state jail felony thefts of property valued between $2500 and $30,000. TEX. PENAL CODE ANN. §§ 31.03(e)(4), (5), 32.31(d). Each state jail felony was enhanced by two prior state jail felony convictions, making the punishment range for those five offenses the same as the punishment range for the

third degree felony theft offense, i.e., a "term of not more than 10 years or less than two years." *Id*. §§ 12.34, 12.425(a). The trial court assessed punishment at five years for each offense, to be served concurrently. Appellant then appealed his convictions. For the reasons that follow, we dismiss these appeals.

After reviewing the clerk's records, the reporter's record, and the documents filed along with the notices of appeal, the Court had concerns regarding its jurisdiction over these appeals. We instructed the parties to file jurisdictional briefs. Appellant responded that he properly invoked this Court's jurisdiction by filing notices of appeal, citing *Garza v. Idaho*, 139 S.Ct. 738, 747 (2019). In contrast, the State agreed with this Court's assessment that appellant waived his right to appeal when the trial court followed the terms of his plea bargain agreements with the State.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to

"initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, appellant entered into plea bargain agreements with the State in which the State waived its right to a jury trial and agreed to a term of five years for each offense, to be served concurrently. In exchange, appellant agreed to plead guilty and waive his right to appeal. The agreements were signed by appellant, his legal counsel, the representative for the State, and the trial court. The judgments and reporter's record show the trial court followed the plea bargain agreements. The clerk's records show there were no adverse rulings on any pretrial written motions. And each trial court's certification of appellant's right to appeal states the case involves a plea bargain agreement, appellant has no right to appeal, and appellant waived his right of appeal. Thus, the trial court did not give permission to appeal. Finally, in his notice of appeal and jurisdictional letter brief, appellant did not identify any statute that expressly authorized his appeals. Under these circumstances, appellant's notices of appeal are ineffective to initiate the appellate process, and we lack jurisdiction over the appeals.

We dismiss these appeals for want of jurisdiction.

/Bonnie Lee Goldstein/

BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
211048F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TONY DONALD BOBILLO,
Appellant

No. 05-21-01048-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-11861-U.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered March 15, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TONY DONALD BOBILLO,
Appellant

No. 05-21-01049-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-12281-U.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered March 15, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TONY DONALD BOBILLO,
Appellant

No. 05-21-01050-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-12361-U.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered March 15, 2022



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TONY DONALD BOBILLO,
Appellant

No. 05-21-01051-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-12362-U.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered March 15, 2022



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TONY DONALD BOBILLO,
Appellant

No. 05-21-01052-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-72038-U.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want
of jurisdiction.

Judgment entered March 15, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TONY DONALD BOBILLO,
Appellant

No. 05-21-01053-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-72174-U.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered March 15, 2022.