**DISMISS and Opinion Filed May 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00993-CR**

**JONATHAN ANDREW RODRIGUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-70026-U**

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Pedersen, III
Opinion by Chief Justice Burns

Jonathan Andrew Rodriguez appeals his conviction for aggravated sexual assault of a child. Appellant was charged with continuous sexual abuse of a child under fourteen years of age. After hearing the evidence in this case, the jury found appellant guilty of the first-degree lesser-included offense of aggravated sexual assault of a child, punishable by imprisonment for life or a term of not more than 99 years or less than 5 years.

Before beginning the punishment phase, the court held a hearing outside the jury's presence about the admissibility of certain evidence. After the trial court ruled the evidence was admissible, the parties informed the court that appellant wished to

change his plea to guilty, having entered into a plea bargain agreement with the State regarding punishment. The trial court admonished appellant, specifically stating: "As you know, you have a right to a jury trial, and we can continue this trial and have the jury determine punishment, but I understand that you've changed your mind and wish to go ahead and reach a plea bargain agreement and have me sentence you; is that correct?" Appellant responded, "Yes." The court continued: "I do want to make it clear because you're pleading guilty on this plea bargain agreement, at this time you are waiving your right to appeal anything that's previously occurred in this trial, do you understand?" Appellant responded, "Yes, sir." Appellant then took the stand and acknowledged, among other things, that he waived his right to appeal. The trial court found appellant guilty of aggravated sexual assault, followed the terms of the plea bargain agreement, and assessed punishment at twenty-five years in prison. The trial court certified that this is a plea-bargain case, appellant had no right to appeal, and appellant had waived any right to appeal. Nevertheless, appellant filed this appeal.

After the clerk's and reporter's records were filed, we notified the parties we had concerns regarding our jurisdiction and asked for letter briefing. Both appellant and the State responded. Appellant argued the trial court failed to follow code of criminal procedure article 36.01(a)(8) because it did not "proceed to the punishment phase after the jury returned its general verdict," appellant's waiver of his right to

appeal is invalid because he received no benefit to the bargain, and the contract (plea agreement) was unconscionable. The State agrees we lack jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, the record shows the jury found appellant guilty of the lesser-included offense of aggravated sexual assault of a child. The trial court then stated: "Ladies and gentlemen, we're going to need to take a break so we can prepare for the punishment phase of the trial." The jury returned to the jury room, and the hearing on the admissibility of evidence, requested by appellant, proceeded. Following the court's ruling, appellant informed the court that he had entered into a plea bargain agreement with the State. In exchange for the State's recommendation of a known

sentence of twenty-five years, appellant pleaded guilty to the lesser-included offense.

To the extent appellant contends the trial court erred by not "proceeding to the punishment phase," we note that the trial court was preparing for the punishment phase by holding a hearing on the admissibility of evidence, a hearing that was requested by appellant. Under these circumstances, appellant's complaint about a purported violation of article 36.01 lacks merit. And although appellant now argues he "did not obtain a true benefit from the 'bargain'" and that the plea bargain is unconscionable, we cannot agree. The jury found appellant guilty of aggravated sexual assault of a child which is punishable by imprisonment for life or a term of not more than 99 years or less than 5 years. The jury could have sentenced appellant to life or a term of 5 to 99 years in prison. By pleading guilty in the plea bargain agreement, appellant received the known quantity of twenty-five years. Although he now regrets his decision, he waived his right to appeal as part of the agreement. That waiver deprives this Court of jurisdiction to hear his appeal.

We dismiss this appeal for lack of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210993F.U05

—4—



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN ANDREW
RODRIGUEZ, Appellant

No. 05-21-00993-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-70026-U.
Opinion delivered by Chief Justice
Burns. Justices Myers and Pedersen,
III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for lack of jurisdiction.

Judgment entered May 5, 2022