**DISMISS and Opinion Filed February 23, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01155-CR**

**BRADLEY JOHN MOORE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-83497-2021**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Kennedy
Opinion by Chief Justice Burns

Bradley John Moore appeals his conviction for two counts of indecency with a child. In the trial court, appellant pleaded guilty pursuant to a plea bargain, and the trial court sentenced him on each count to the agreed punishment of ten years' imprisonment.

This Court does not have jurisdiction over an appeal from a conviction resulting from a plea bargain unless the trial court grants permission to appeal, the appeal is authorized by statute, or the appellant is appealing a written pretrial motion that was ruled on before trial. *See* TEX. R. APP. P. 25.2(a); *see also* TEX. CODE CRIM.

PROC. ANN. art. 44.02. There are no such motions in the record, the trial court's certification of defendant's right of appeal indicates the trial court did not grant appellant permission to appeal, the certification states appellant waived the right of appeal, and nothing in the record indicates this appeal is authorized by statute.

The plea agreement signed by appellant includes a provision stating, "With the Court's approval, the defendant herein states that he/she: . . . 12. Waives the right to appeal to the Court of Appeals." When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), and "no inquiry into even possibly meritorious claims may be made," *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

Because the record establishes we lack jurisdiction over this appeal from a plea-bargained conviction, we dismiss the appeal for want of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

231155F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRADLEY JOHN MOORE,
Appellant

No. 05-23-01155-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-83497-
2021.
Opinion delivered by Chief Justice
Burns. Justices Nowell and Kennedy
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered February 23, 2024.