

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00243-CR

**SONNY MARQUEZ,**

                    **Appellant**

 v.

**THE STATE OF TEXAS,**

                    **Appellee**

---

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2023-1190-C1

---

## MEMORANDUM OPINION

---

Appellant, Sonny Marquez, filed a pro se notice of appeal attempting to appeal his conviction and sentence imposed on May 28, 2024. Because Marquez expressly waived his right to appeal, we dismiss this appeal.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *See* TEX. R. APP. P. 25.2(d). Texas Rule of Appellate Procedure 25.2 grants defendants who plead guilty as part of a plea bargain

the right to appeal only "(A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *See id.* R. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process." *Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014). Here, pursuant to a plea agreement with the State, Marquez pled guilty to the offense of possession of a controlled substance on May 28, 2024 and was sentenced to five years in prison.[1] The trial court's certification of defendant's right to appeal was signed by the trial court, Marquez, and his counsel, and states that this "is a plea bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right to appeal."

Absent a trial court's certification of appeal showing an appellant has the right to appeal, we must this dismiss the appeal. *See* TEX. R. APP. P. 25.2(d); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding that the court of appeals must dismiss a prohibited appeal without further action, regardless of the basis for the appeal, if the trial court's certification shows there is no right to appeal). Accordingly, because the trial court's certification shows there is no right to appeal, this appeal is dismissed.

---

[1] According to the judgment, Marquez pled guilty to a state-jail-felony level possession of a controlled substance that was punished as a second-degree felony based on his plea of true to two felony enhancement paragraphs. Marquez acknowledges in his notice of appeal that the punishment assessed does not exceed the punishment agreed upon by the parties to the plea bargain agreement. *See* TEX. R. APP. P. 25.2(a)(2).

STEVE SMITH
Justice

Before Chief Justice Gray
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray concurs)
Appeal dismissed
Opinion delivered and filed August 15, 2024
Do not publish
[CR25]

