**Dismiss and Opinion Filed May 5, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00391-CR**

**LUCIO ANTONIO CELIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-36717-N**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

We reinstate this appeal. When Lucio Antonio Celis filed a timely pro se notice of appeal seeking to challenge his conviction for murder, we abated for the appointment of counsel. Several days later, the trial court filed a letter, informing us he had not appointed counsel because appellant "entered into a plea-bargain and waived his right to appeal." The trial court attached documents supporting this statement. The following day, the clerk's record was filed. After considering the trial court's response and the clerk's record, we dismiss this appeal.

Appellant, who was represented by counsel, was indicted for capital murder. He entered into a negotiated plea bargain with the State in which he agreed to

judicially confess to murder and plead guilty in exchange for the State's agreement to strike certain language from the indictment (reducing the charge from capital murder to murder) and recommend punishment at thirty-five years in prison. As further consideration for the plea bargain, appellant waived his right to appeal. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). Following the plea agreement, the trial court struck the phrase "and the defendant was then and there in the course of committing and attempting to commit the offense of ROBBERY of said deceased" from the indictment, reduced the offense from capital murder to murder, found appellant guilty, and assessed punishment at thirty-five years in prison. The trial court prepared and signed a rule 25.2(d) certification of appellant's right to appeal stating this "is a plea-bargain case, and [appellant] has NO right to appeal" and appellant "has waived the right of appeal." *See* TEX. R. APP. P. 25.2(d). The certification is supported by the documents before the Court. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005).

Because appellant waived his right to appeal in conjunction with the plea agreement, we conclude we lack jurisdiction *See* TEX. R. APP. P. 25.2(a), (d); *Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014) (when appellant voluntarily waives right of appeal to secure benefits of plea bargain agreement, subsequent notice of appeal fails to "initiate the appellate process").

We dismiss the appeal for want of jurisdiction.

/Ken Molberg//
KEN MOLBERG
JUSTICE

220391f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LUCIO ANTONIO CELIS,
Appellant

No. 05-22-00391-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-36717-N.
Opinion delivered by Justice
Molberg. Justices Reichek and
Garcia participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 5th day of May, 2022.