**Dismiss and Opinion Filed July 29, 2022**

# S

**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00258-CR**
**No. 05-22-00269-CR**

**CORBIN CLANCY OCHEI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-39152-Q & F21-41437-Q**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

Corbin Clancy Ochei appeals his convictions for aggravated robbery with a deadly weapon and deadly conduct. Because we had questions about our jurisdiction over these appeals, we requested letter briefs from appellant and the State. After reviewing the clerk's and reporter's records as well as the jurisdictional briefing, we dismiss these appeals.

Appellant, who was represented by counsel, entered into a negotiated plea bargain with the State. Under the terms, appellant pleaded guilty to each offense and waived his right to appeal in exchange for the State's recommendation of a cap of twenty years in the aggravated robbery case. *See Blanco v. State*, 18 S.W.3d 218,

219–20 (Tex. Crim. App. 2000). The trial court admonished appellant, including that he was waiving his right to appeal under the plea bargain agreements. The trial court then accepted appellant's guilty pleas and assessed punishment at eighteen years in prison for the aggravated robbery with a deadly weapon case and ten years in prison for the deadly conduct case. The trial court prepared and signed rule 25.2(d) certifications of the right to appeal stating these are plea-bargain cases, and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(d). The certifications are supported by the clerk's and reporter's records. And in his jurisdictional letter brief, appellant concedes he waived his right to appeal. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Because appellant waived his right to appeal in conjunction with the plea agreements, we conclude we lack jurisdiction *See* TEX. R. APP. P. 25.2(a), (d); *Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014).

We dismiss these appeals.

220258f.u05
220269f.u05                                    /Lana Myers//
Do Not Publish                                 LANA MYERS
TEX. R. APP. P. 47.2(b)                         JUSTICE

# S

## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CORBIN CLANCY OCHEI,
Appellant

No. 05-22-00258-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-39152-Q.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 29th day of July, 2022.

# S

## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CORBIN CLANCY OCHEI,
Appellant

No. 05-22-00269-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-41437-Q.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 29th day of July, 2022.