**DISMISS and Opinion Filed February 8, 2023**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00912-CR

**KENNETH JEROME WYMON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-54054-N**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Garcia

Kenneth Jerome Wymon appeals his conviction for manufacture or delivery of less than one gram of methamphetamine. We conclude we lack jurisdiction over this appeal, and we dismiss the appeal.

Appellant was indicted for possession with intent to deliver of one gram or more but less than four grams of methamphetamine. *See* TEX. PENAL CODE ANN. § 481.112(a), (c). Appellant was represented by counsel in the trial court. On August 31, 2022, appellant signed a judicial confession to the offense and a plea agreement. The plea agreement, which was signed by appellant, his attorney, the prosecutor,

and the trial court, provided appellant would plead guilty and receive a sentence of confinement in the penitentiary for two years. The plea agreement included a waiver of the right of appeal: "Defendant knowingly and voluntarily waives appeal." The plea agreement also included this statement in a section titled, "Defendant's Statements and Waivers": "I understand that I have a right to appeal to the Court of Appeals. After consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal if the Court follows the terms of the State's recommendation as to sentencing." In the hearing before the trial court, appellant acknowledged signing the papers and stated that he understood them. The trial court followed the plea agreement and sentenced appellant to two years' imprisonment. The trial court's certification of appellant's right of appeal states the court "certif[ied] this criminal case is a plea-bargain case and the defendant has NO right of appeal." The certification is signed by the trial court, appellant, and appellant's trial counsel.

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. TEX. R. APP. P. 25.2(a) Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after

getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute."  TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014).

In this case, appellant and the State entered into a plea agreement in which appellant agreed to plead guilty to the charge of possession of methamphetamine, the State and appellant agreed to waive their rights to a jury trial, and both the State and appellant agreed to appellant receiving a sentence of "confinement in penitentiary for 2 years."  The documents appellant signed admonished appellant that he waived his right of appeal.  The clerk's record contains no written motions filed by appellant that were ruled on before trial.  Appellant did not receive the trial court's permission to appeal, and there is no specific statutory authorization that would authorize an appeal in this case. Under these circumstances, we must dismiss the appeal without further action.  *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We requested appellant and the State to file letter briefs addressing the jurisdictional issue.  Appellant argues he did not waive his right of appeal and that his timely notice of appeal established this Court's jurisdiction, citing and quoting *Garza v. Idaho*, 139 S. Ct. 738 (2019).  *Garza* concerned whether an attorney

rendered ineffective assistance of counsel by not filing a notice of appeal when told to do so by the defendant even though the defendant pleaded guilty pursuant to a plea bargain that included waiver of some—but not all—rights of appeal. *Id.* at 744–46. The Supreme Court concluded that counsel was ineffective for not following the defendant's clear requests to file the appeal. *Id.* at 746 ("Where, as here, a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions."). In the case before us, appellant did not lack effective assistance of counsel due to counsel's failure to file a notice of appeal because appellant's counsel filed a notice of appeal. Also in *Garza,* the appellant "retained a right to appeal at least some issues despite the waivers he signed," which counsel forfeited by not filing a notice of appeal. *Id.* at 747. In this case, appellant had no right of appeal because the appeal was from a plea bargain, the record does not show there were any pretrial motions ruled on before trial, and the trial court did not grant appellant permission to appeal. *See* TEX. R. APP. P. 25.2(a). *Garza* does not address appellate jurisdiction, and it does not hold that appellate jurisdiction exists when a statute and rule provide there is no jurisdiction in an appeal from a judgment that follows the terms of a plea bargain. We conclude *Garza* does not demonstrate that this Court has jurisdiction over appellant's appeal.

We dismiss appellant's appeal for want of jurisdiction.

/Dennise Garcia/
DENNISE GARCIA
Do Not Publish           JUSTICE
TEX. R. APP. P. 47.2(b)
220912F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KENNETH JEROME WYMON,
Appellant

No. 05-22-00912-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F22-54054-N.
Opinion delivered by Justice Garcia.
Justices Reichek and Nowell
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered February 8, 2023