**DISMISS and Opinion Filed February 9, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01307-CR**
**No. 05-22-01308-CR**

**RONNIE WALKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-00364-U, F22-00546-U**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Miskel

Ronnie Walker appeals his convictions for sexual assault and aggravated sexual assault. This Court lacks jurisdiction over these appeals. Accordingly, we dismiss these appeals for want of jurisdiction.

Appellant was indicted for sexual assault and aggravated sexual assault. Appellant was represented by counsel in the trial court. On October 11, 2022, appellant signed a judicial confession and plea agreement in each case. The plea agreements provided appellant would plead guilty and that the State would recommend a sentence of twenty years in the penitentiary in the sexual assault case

and thirty years in the penitentiary in the aggravated sexual assault case. Each plea agreement also provided: "If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea." During the hearing before the trial court, appellant acknowledged signing the papers and stated that he understood them. The trial court followed the plea agreements and sentenced appellant to twenty years' imprisonment in the sexual assault case and thirty years' imprisonment in the aggravated sexual assault case. The trial court's certification of defendant's right of appeal in each case states the case "is a plea-bargain case, and the defendant has NO right of appeal," and "the defendant has waived the right of appeal."

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. TEX. R. APP. P. 25.2(a) Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant

waives his right to appeal as part of his plea bargain with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), and "no inquiry into even possibly meritorious claims may be made," *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

In these cases, appellant and the State entered into plea agreements in which appellant agreed to plead guilty to the charges of sexual assault and aggravated sexual assault, the State and appellant agreed to waive their rights to a jury trial, and both the State and appellant agreed to appellant receiving a sentence of "confinement in penitentiary for 20 years" for sexual assault and "confinement in penitentiary for 30 years" for aggravated sexual assault. The documents appellant signed admonished appellant he would have no right of appeal if the trial court followed the punishment recommendation except for matters raised by written motion and ruled on before trial or if the trial court granted appellant permission to appeal. The clerk's record does not contain any motion ruled on before trial except the State's motion to strike an enhancement paragraph in the indictment for aggravated sexual assault,

which the trial court granted. The trial court's certifications of defendant's right of appeal show that the trial court did not grant appellant permission to appeal.

We requested appellant and the State to file letter briefs addressing the jurisdictional issue. Appellant did not file a jurisdictional brief. The State filed a brief asserting there is no appellate jurisdiction over these cases.

We conclude we lack jurisdiction over these appeals from plea-bargained convictions. We dismiss the appeals for want of jurisdiction.

/Emily Miskel/
EMILY MISKEL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
221307F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RONNIE WALKER, Appellant

No. 05-22-01307-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F21-00364-U.
Opinion delivered by Justice Miskel. Justices Molberg and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered February 9, 2023



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RONNIE WALKER, Appellant

No. 05-22-01308-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F22-00546-U. Opinion delivered by Justice Miskel. Justices Molberg and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered February 9, 2023