**DISMISS and Opinion Filed February 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00469-CR**
**No. 05-22-00470-CR**

**RUBEN OMAR MORENO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause Nos. CR18-2212, CR18-2213**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

Ruben Omar Moreno appeals his convictions for failure to identify while a fugitive from justice (TEX. PENAL CODE ANN. § 38.02(b), (d)) and driving while intoxicated (TEX. PENAL CODE ANN. § 49.04) (DWI). This Court lacks jurisdiction over these appeals. Accordingly, we dismiss these appeals for want of jurisdiction.

On November 20, 2018, an information was filed in each of these cases accusing appellant of providing a false or fictitious residence address to a peace officer while a fugitive and of DWI. On February 10, 2022, appellant and the State entered into a plea agreement in each case. The plea agreements provided that

appellant would plead guilty to the charges and the prosecutor would recommend a sentence of nineteen days in the county jail, which was his time served, for providing a false address, and thirty-eight days in the county jail with nineteen days credit for DWI. The plea agreements informed appellant that "if the trial court sets punishment at or below this recommendation, all parties understand that no appeal is possible without the permission of the court unless based on motions previously filed." Written plea admonishments advised appellant,

> If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you can prosecute an appeal on any matter in the case except for matters raised by written motion filed and ruled upon prior to trial.

The trial court's judgment in each case shows the trial court accepted appellant's guilty pleas and sentenced him to the recommended punishment. The trial court's certifications of appellant's right of appeal state, "defendant has waived the right of appeal."

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. TEX. R. APP. P. 25.2(a). Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after

getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), ), and "no inquiry into even possibly meritorious claims may be made," *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

In each of these cases, the record shows appellant and the State agreed appellant would plead guilty in exchange for a specific recommended punishment. The documents appellant signed admonished appellant he would have no right of appeal if the trial court followed the punishment recommendations except for matters raised by written motion and ruled on before trial or if the trial court granted appellant permission to appeal. The clerk's record does not contain any motion ruled on before trial, and the certifications of appellant's right of appeal show the trial court did not grant appellant permission to appeal. Therefore, under Rule 25.2(a), appellant has no right of appeal. *See Chavez*, 183 S.W.3d at 680.

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certifications affirmatively show appellant did not have the right to appeal, and the certifications are supported by the record. Therefore, we must dismiss the appeals. *Id.*; *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We requested appellant and the State to file letter briefs addressing the jurisdictional issue. Appellant's counsel and the State responded that appellant has no right of appeal.

We conclude we lack jurisdiction over these appeals from plea-bargained convictions. We dismiss these appeals for want of jurisdiction.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220469F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUBEN OMAR MORENO,
Appellant

No. 05-22-00469-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at
Law No. 1, Rockwall County, Texas
Trial Court Cause No. CR18-2212.
Opinion delivered by Justice
Kennedy. Justices Carlyle and
Goldstein participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for
want of jurisdiction.

Judgment entered February 13, 2023



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RUBEN OMAR MORENO,
Appellant

No. 05-22-00470-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at
Law No. 1, Rockwall County, Texas
Trial Court Cause No. CR18-2213.
Opinion delivered by Justice
Kennedy. Justices Carlyle and
Goldstein participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered February 13, 2023