**DISMISS and Opinion Filed May 2, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00246-CR

**REGINALD LAGRANT WALTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-21005-S**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Kennedy
Opinion by Chief Justice Burns

Reginald Lagrant Wilson appeals his conviction for murder. Appellant pleaded guilty, and the trial court sentenced appellant pursuant to a plea bargain to twenty years' imprisonment. We lack jurisdiction over this appeal. Accordingly, we dismiss this appeal.

On April 14, 2022, appellant was indicted for capital murder for intentionally causing the death of the deceased in the course of committing robbery. *See* TEX. PENAL CODE ANN. § 19.03(a)(2). On February 16, 2023, the State reduced the charge to murder, and appellant, the prosecutor, and the trial court signed a plea agreement

providing for a twenty-year sentence for murder. Appellant pleaded guilty to murder, and the trial court sentenced appellant to twenty years' imprisonment.

The plea-agreement signed by appellant, the prosecutor, and the trial court included the Court's Admonitions to Defendant, which included the following:

> If the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give its permission to you before you may appeal on any matter in this case except for matters raised by written motions prior to trial.

The plea agreement also included Defendant's Waiver of Rights and Judicial Admonishments. Paragraph 11 states, "With the Court's approval, the defendant herein states that he/she: . . . (11) Waives the right to appeal to the Court of Appeals."

At the hearing, the trial court admitted appellant's signed judicial confession into evidence. The trial court stated, "Sir, I accept your pleas of guilty. I find that there is sufficient evidence to prove your guilt beyond a reasonable doubt. I will grant the parties' requests and accept the plea agreements."[1] The trial court then sentenced appellant to twenty years' imprisonment.

The trial court, appellant, and his counsel signed the Trial Court's Certification of Defendant's Right of Appeal, which states, "I certify that this criminal case is a plea-bargain case, and the defendant has NO right of appeal; the defendant has waived the right of appeal." During the plea hearing, the trial court

---

[1] In the same hearing, appellant also pleaded guilty pursuant to a plea bargain to aggravated robbery and was sentenced to ten years' imprisonment. Appellant does not appeal the aggravated robbery conviction.

told appellant that the certification "acknowledges that you waive your right of appeal because you're entering into a plea agreement. Do you understand that?" Appellant answered, "Yes, ma'am."

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. TEX. R. APP. P. 25.2(a) Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), and "no inquiry into even possibly meritorious claims may be made," *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

In this case, the record shows appellant and the State agreed appellant would plead guilty in exchange for a specific recommended punishment. The documents appellant signed admonished appellant he would have no right of appeal if the trial court followed the punishment recommendation except for matters raised by written motion and ruled on before trial or if the trial court granted appellant permission to appeal. And the documents state appellant "[w]aives the right to appeal to the Court of Appeals." The clerk's record does not contain any motion ruled on before trial, and the certifications of appellant's right of appeal show the trial court did not grant appellant permission to appeal. Therefore, under Rule 25.2(a), appellant has no right of appeal. *See Chavez*, 183 S.W.3d at 680.

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification affirmatively shows appellant did not have the right to appeal, and the certification is supported by the record. Therefore, we must dismiss the appeal. *Id.*; *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We requested appellant and the State to file letter briefs addressing the jurisdictional issue. Neither responded.

We conclude we lack jurisdiction over this appeal from a plea-bargained conviction. We dismiss this appeal for want of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230246F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

REGINALD LAGRANT WALTON,
Appellant

No. 05-23-00246-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F22-21005-S.
Opinion delivered by Chief Justice
Burns. Justices Nowell and Kennedy
participating.

Based on the Court's opinion of this date, this appeal is dismissed for want of jurisdiction.

Judgment entered May 2, 2023