**DISMISS and Opinion Filed May 8, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00043-CR**
_____

**TRAVIS JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F21-75165-K**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Kennedy
Opinion by Chief Justice Burns

Travis Lamar Johnson appeals his conviction for indecency with a child. Appellant pleaded guilty, and the trial court sentenced appellant pursuant to a plea bargain to six years' imprisonment. We dismiss this appeal for want of jurisdiction.

On March 29, 2021, appellant was indicted for continuous sexual abuse of a child, with punishment enhanced by one prior conviction for burglary of a habitation.

On December 21, 2022, appellant, his attorney, the prosecutor, and the trial court signed a plea agreement providing the State would reduce the charged offense to indecency with a child under the age of 17, appellant would plead guilty, and the

State would recommend a sentence of six years' imprisonment. The State presented motions to amend the indictment reducing the charged offense to indecency with a child under the age of 17 and striking the enhancement paragraph, which the trial court granted. Appellant signed a judicial confession for the offense.

The plea agreement also contained two provisions concerning appellant's right of appeal. In the Court's Admonitions to Defendant, the plea agreement stated, "If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea." The plea agreement's Defendant's Statements and Waivers includes the following statement: "I understand that I have a right to appeal to the Court of Appeals. After consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal if the Court follows the terms of the State's recommendation as to sentencing." The trial court sentenced appellant to six years' imprisonment in accordance with the State's recommendation in the plea agreement.

The trial court, appellant, and his counsel signed the Trial Court's Certification of Defendant's Right of Appeal, which states, "I certify that this criminal case is a plea-bargain case, and the defendant has NO right of appeal; the defendant has waived the right of appeal."

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. TEX. R. APP. P. 25.2(a). Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), and "no inquiry into even possibly meritorious claims may be made," *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

In this case, the record shows appellant and the State agreed appellant would plead guilty in exchange for a specific recommended punishment. The documents appellant signed admonished appellant he would have no right of appeal if the trial

–3–

court followed the punishment recommendation except for matters raised by written motion and ruled on before trial or if the trial court granted appellant permission to appeal.

The clerk's record does not contain any motion ruled on before trial, and the certifications of appellant's right of appeal show the trial court did not grant appellant permission to appeal. Therefore, under Rule 25.2(a), appellant has no right of appeal. *See Chavez*, 183 S.W.3d at 680.

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification affirmatively shows appellant does not have the right to appeal, and the certification is supported by the record. Therefore, we must dismiss the appeal. *Id.*; *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We requested appellant and the State to file letter briefs addressing the jurisdictional issue. Before the reporter's record was filed, appellant filed a brief asserting that the trial court's certification of appellant's right of appeal was defective and should be corrected. Appellant asserts that the documents in the clerk's record show the trial court intended for appellant to have the right of appeal because "the sequence of events indicated by the documents in the Clerk's Record, i.e., December 21 - plea hearing and trial court's certification of right of appeal; December 22 - motion for new trial filed and a hearing held, plus the filing of the

Notice of Appeal and appointment of appellate counsel, creates a reasonable inference that the trial court gave its permission for Appellant to appeal his conviction." Appellant cites no authority for this assertion, and we do not agree that this sequence of events provides any inference that the trial court intended to grant appellant permission to appeal. Appellant's appellate counsel asserts trial counsel told her there was a proceeding on December 22, 2022; appellant asserts a reporter's record from the hearing held December 22, 2022 might show that the trial court granted appellant permission to appeal. We ordered the court reporter to prepare a reporter's record for any hearing in this case that was held on December 22, 2022. The court reporter filed a response to our order stating, "In response to the Order requesting a supplemental reporter's record from a hearing held on December 22, 2022, there were no proceedings held in the above-referenced case." Because the record does not show a hearing was held on December 22, 2022, we reject appellant's argument that the trial court may have granted appellant permission to appeal at a hearing on December 22, 2022.

We dismiss this appeal for want of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

230043F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TRAVIS JOHNSON, Appellant

No. 05-23-00043-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F21-75165-K.
Opinion delivered by Chief Justice Burns. Justices Nowell and Kennedy participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered May 8, 2023