**Dismiss and Opinion Filed June 26, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-23-00074-CR**
_____

**JASON ALLEN HARRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-83363-2021**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Nowell

Jason Allen Harris appeals his conviction for possession of one gram or more but less than four grams of methamphetamine. Appellant pleaded guilty pursuant to a plea bargain, and the trial court deferred adjudication of appellant's guilt and placed him on community supervision for two years. We conclude we lack jurisdiction over this appeal because appellant expressly waived the right of appeal and there is no trial court's certification showing appellant has the right of appeal. We dismiss this appeal for want of jurisdiction.

Appellant was indicted for possession of methamphetamine on August 17, 2021. On January 11, 2022, appellant filed a motion to suppress evidence seized during his arrest. On March 7, 2022, appellant filed an amended motion to suppress. On March 18, 2022, the trial court held a hearing on the motion to suppress and made a docket entry stating the court would review the case law the parties presented and would respond via e-mail. On October 7, 2022, the trial court sent the parties an e-mail stating the motion to suppress was denied. Three months later, on January 12, 2023, appellant signed a plea agreement and pleaded guilty in open court. The trial court placed appellant on deferred adjudication community supervision pursuant to the plea agreement. Appellant timely filed notice of appeal on January 18, 2023.

In the plea agreement, appellant and the State agreed that appellant would plead guilty, be placed on "Deferred community supervision for 2 years," reimburse the Department of Public Safety $180, and perform 50 hours of community service. The plea agreement contained a list of admonitions, the third of which stated: "If the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give its permission to you before you may appeal on any matter in this case except for those matters raised by written motions prior to trial." The plea agreement also contained a section titled "Defendant's Waiver of Rights and Judicial Confession." Paragraph 12 of the waivers states, "With the Court's approval, the defendant herein states that he/she: . . . Waives the right to appeal to

the Court of Appeals." Just above appellant's signature is the section titled "Defendant's Approval" where appellant acknowledges that he has read and understands the document; his attorney has explained the document; his attorney has explained and appellant understands the legal effects of waiving his rights and the consequences of the plea; that he knowingly, freely, and voluntarily waives his rights and pleads guilty; and he requests that the trial court accept appellant's plea, agreements, waivers, statements, and stipulations.

During the plea hearing held on January 12, 2023, the same day appellant signed the plea agreement, the trial court told appellant, "You understand, Mr. Harris, if I go along with that you will give up your rights to an appeal unless this court gives you permission to appeal?" Appellant answered, "Yes, Your Honor." After confirming appellant had received his copy of the Rule 25.2(d) certification of right of appeal, which stated that appellant waived the right of appeal, the trial court asked appellant, "Now, keeping all these things in mind we've just gone over, do you want to continue with this plea?" Appellant answered, "Yes, sir." The trial court then stated, "I'll find the plea is free and voluntary. I'll accept it . . . ."

The trial court's certification of appellant's right of appeal, required by Rule of Appellate Procedure 25.2(d), states the trial court certifies "that this criminal case: . . . is a plea-bargain case, and the defendant has NO right of appeal; [and] the defendant has waived the right of appeal." The certification is signed by the trial

court, appellant, and his counsel. At the plea hearing, the trial court asked appellant if he had received his copy of the certification, and appellant stated, "Yes, sir."

A party who pleads guilty pursuant to a plea bargain has no right to appeal without the trial court's permission except for matters raised by written motion and ruled on before trial or where the appeal is expressly authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2). In this case, appellant filed a written motion to suppress that the trial court denied before trial. Thus, under Rule 25.2(a)(2)(A), appellant had the right to bring an appeal of that ruling.

However, even though a party has a right to appeal, the party may waive that right. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) ("[A] valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court."). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014). In this case, appellant's waiver of the right of appeal is shown by:

- paragraph 12 of the plea agreement's waiver of rights stating appellant waives the right of appeal;

- the trial court telling appellant in the plea hearing that if he pleaded guilty, he would give up his right to an appeal, and appellant pleading guilty thereafter; and

- the trial court's certification of appellant's right of appeal, signed by appellant, and stating appellant waived the right of appeal.

The record shows appellant knowingly, voluntarily, and intelligently waived his right of appeal as part of his plea bargain with the State, and no evidence shows he did not waive the right of appeal knowingly, voluntarily, and intelligently. Accordingly, we conclude appellant has waived this appeal.

This Court also lacks jurisdiction because there is not a trial court's certification of appellant's right of appeal showing appellant has the right of appeal. Rule 25.2(d) states, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d)  Because there is no certification showing appellant has a right of appeal, we must dismiss this appeal. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We sent the parties a letter asking them to file briefs showing why this Court has jurisdiction.  At the time, the record did not show that the trial court had ruled on appellant's motion to suppress.  Appellant filed a letter brief discussing that appellant had a right of appeal because the trial court had denied appellant's pretrial motion to suppress, but appellant's brief did not explain why the waiver provision in the plea agreement did not constitute a waiver of appellant's right of appeal. Instead, appellant requested that we abate the appeal for the trial court to make

–5–

findings of fact regarding the substance of negotiations concerning the waiver and whether appellant's waiver was knowing and voluntary. We decline to do so. The evidence in the record does not raise a fact question on whether appellant's plea was knowing and voluntary.

We conclude we lack jurisdiction over this appeal. We dismiss this appeal for want of jurisdiction.

/Erin A. Nowell//

230074f.u05

ERIN A. NOWELL

Do Not Publish

JUSTICE

TEX. R. APP. P. 47.2(b)

—6—



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JASON ALLEN HARRIS, Appellant

No. 05-23-00074-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas Trial Court Cause No. 199-83363-2021.
Opinion delivered by Justice Nowell. Justices Goldstein and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **DISMISSED** for want of jurisdiction.

Judgment entered this 26th day of June, 2023.