

# NUMBERS 13-22-00386-CR, 13-22-00387-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PATRICK ADAIR
A/K/A PATRICK WAYNE ADAIR,                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Opinion by Justice Benavides**

Following the revocation of his deferred adjudication community supervision in two

separate cases, the trial court adjudicated appellant Patrick Adair a/k/a Patrick Wayne

Adair guilty of continuous family violence, a third-degree felony, and bail jumping, a third-

degree felony enhanced to the punishment range of a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 25.11(a), (e); 38.10(a), (e); 12.42(a). The trial court sentenced him to concurrent twelve-year terms of imprisonment.

In one issue, Adair contends that both sentences are grossly disproportionate to the crimes he committed, thereby violating the Eighth Amendment's prohibition against cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The State acknowledges that Adair's conviction for continuous family violence is void because his twelve-year sentence exceeds the punishment range for a third-degree felony, which is "not more than 10 years or less than 2 years." *See* TEX. PENAL CODE ANN. § 12.34(a). We affirm the conviction for bail jumping, reverse the sentence for continuous family violence, and remand that matter for a new hearing on punishment.

## I.  BACKGROUND

In trial court cause number 18-CFR-0125, which is considered in appellate cause number 13-22-00386-CR, the indictment alleged that, on or about May 6, 2018, Adair intentionally, knowingly, or recklessly caused bodily injury to his girlfriend by "slapping her on the head" and that he had a prior conviction from 2012 for "Assault-Family Violence by Impeding Breath."[1]  The indictment also alleged that Adair was a repeat felony offender

---

[1] We note that the indictment does not allege facts sufficient to establish continuous family violence, which requires two or more incidents of assault against a family member "during a period that is 12 months or less in duration." *See* TEX. PENAL CODE ANN. § 25.11(a). The prior assault alleged in the indictment occurred more than five years before the latter assault. Instead, based on the facts alleged, Adair should have been charged with an enhanced assault under penal code § 22.01(b)(2)(A), which is also a third-degree felony. *See id.* § 22.01(b)(2)(A) (stating that assault against a romantic partner with a prior conviction for assaulting a family member is a third-degree felony). Nevertheless, the defect was not jurisdictional, and Adair waived any challenge to the indictment by failing to object to it. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b); *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007) ("Texas law now requires the defendant to object to any error in the indictment before the day of trial and certainly before the jury is empaneled.").

based on a 2009 conviction for possession of cocaine.

In trial court cause number 18-CFR-0406, which is considered in appellate cause number 13-22-00387-CR, the indictment alleged that, on or about November 16, 2018, Adair "intentionally and knowingly fail[ed] to appear in accordance with terms of his release, namely the bond dated MAY 7, 2018[,] for PATRICK WAYNE ADAIR from Kleberg County Pre-trial Services on the Charge of Continuous Family Violence." This indictment also alleged that Adair was a repeat felony offender based on a 2012 conviction for assault by impeding breath.

On May 13, 2019, Adair and the State entered into plea agreements for each case: Adair would plead guilty, and the State would recommend deferred adjudication community supervision for a period of eight years. In the bail jumping case, the plea agreement matched the offense charged in the indictment, including the enhancement. However, in the continuous family violence case, the plea agreement did not include the indicted enhancement, and thus, Adair only pleaded guilty to the unenhanced offense, a third-degree felony. [2] The trial court accepted the pleas, followed the State's recommendations, and entered orders of deferred adjudication community supervision for eight years.

The State subsequently moved to revoke Adair's community supervision and adjudicate him guilty, alleging various violations of the terms of his supervision in each case. Adair pleaded true to the allegations in the State's motions, and the trial court

---

[2] It appears from the plea agreement that this deviation was not inadvertent but rather a negotiated term. The plea agreement originally included language indicating that Adair had been indicted with a "2nd" degree felony as an "RFO," but this language was subsequently crossed out and replaced with "3rd" degree felony.

3

accepted the pleas and found them true. The trial court, following a recommendation agreed to by Adair and the State, revoked Adair's probation, adjudicated him guilty, and assessed punishment at concurrent twelve-year sentences of confinement.[3]

On August 17, 2022, twenty-one days after the judgments of conviction were signed, the trial court received a pro se letter from Adair indicating he wished to appeal his convictions based on "the severity of [his] sentencing." The trial court treated his letter as a notice of appeal and appointed him appellate counsel that same day. This appeal ensued.

## II. WAIVER

As a threshold matter, the State argues that Adair waived his Eighth Amendment challenge. To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). "A party is not excused from the procedural requirements for objecting at trial merely because an error involves a constitutional right." *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). A defendant who fails to specifically object to a sentence as grossly disproportionate in the trial court, either at the time of sentencing or in a timely post-trial motion, forfeits the alleged error on appeal. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request,

---

[3] At one point in the proceeding, the trial court asked, "Both of them are RFO?" The State responded, "Yes, sir." It appears that in reaching their agreed recommendation, both the State and Adair's trial counsel were operating under the mistaken belief that Adair had pleaded guilty to the enhanced continuous family violence offense as charged in the indictment.

4

objection, or motion stating the specific grounds for the ruling desired."); *see Curry v. State*, 910 S.W.3d 490, 497 (Tex. Crim. App. 1995) (holding defendant waived complaint concerning cruel and unusual punishment).

Here, Adair wrote a pro se letter to the trial court, which he described as a "request of appeal in regard to the severity of [his] sentencing." The trial court construed this as a notice of appeal and appointed new counsel to represent him on appeal. *See* TEX. R. APP. P. 25.2. Although Adair's newly appointed appellate counsel promptly filed requests for the clerk's and reporter's record in each case, he failed to file a motion for new trial asking the trial court to reconsider Adair's sentences on Eighth Amendment grounds. Therefore, the question before us is whether Adair's pro se letter can be construed as both a notice of appeal and a motion for new trial.

In *Lundgren v. State*, the Texas Court of Criminal Appeals was asked to determine whether the defendant's express waiver of his right to appeal also constituted a waiver of his right to file a motion for new trial. 434 S.W.3d 594, 599 (Tex. Crim. App. 2014). The Court acknowledged that "the word 'appeal' could be used colloquially to refer to a motion for new trial or a notice of appeal in the sense that both procedural mechanisms serve a review function." *Id.* at 600. However, the Court determined that a motion for new trial is "sufficiently different" from an appeal because "when a motion for new trial is filed, the trial court has the opportunity to reconsider the proceedings and to correct any errors it may agree occurred in the defendant's trial by setting aside the defendant's finding or verdict of guilt or sentencing." *Id.* at 599–600. An appeal, on the other hand, "is an opportunity for a defendant to argue to a different tribunal that his conviction was flawed

5

despite the trial judge's or jury's conclusion to the contrary." *Id.* Based on these differences, among others, the Court found that the defendant had not waived his right to file a motion for new trial. *Id.* at 600.

The lesson we take from *Lundgren* is that a notice of appeal is substantively and procedurally distinct from a motion for new trial. In other words, a filing that is merely a notice of appeal cannot double as a motion for new trial. That is especially true in the context of determining whether an alleged error has been preserved for appeal, because the purpose of the preservation rule is to ensure that the trial court has the opportunity to correct the error in the first instance. *See Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000). Here, Adair's letter to the trial court sufficiently invoked our jurisdiction as a notice of appeal because Adair expressed his desire to appeal the length of his sentences. *See* TEX. R. APP. P. 25.2(c). However, even liberally construing the letter, we cannot say that Adair also clearly asked the trial court to reconsider its decision on sentencing. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992))). Accordingly, because Adair failed to preserve this alleged error at the time of sentencing or in a timely post-trial motion, his issue is overruled.[4] *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151.

---

[4] Even if Adair had preserved this issue, the record does not support an inference that his twelve-year sentence for bail jumping, a third-degree felony enhanced to the punishment range of a second-degree felony, was grossly disproportionate to the crime. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth

### III.    VOIDNESS

Nevertheless, the State observes, and we agree, that Adair's sentence for continuous family violence is void because it exceeds the maximum punishment for the offense. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."). Continuous family violence is a third-degree felony with a maximum punishment of ten years imprisonment; therefore, Adair's sentence of twelve years imprisonment for that offense was "illegal." *See* TEX. PENAL CODE ANN. §§ 38.10(a), (e), 12.34(a); *Mizell*, 119 S.W.3d at 806.

Unlike a challenge to a sentence as grossly disproportionate, a defendant has "an absolute and nonwaiv[]able right to be sentenced within the proper range of punishment established by the Legislature." *Speth v. State*, 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999); *Mizell*, 119 S.W.3d at 806 n.6 ("Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence."). Further, even though Adair does not raise this issue in his appeal, "any court—trial or appellate—may notice, on its own, an illegal sentence and rectify that error." *Mizell*, 119 S.W.3d at 805. However, "[w]hen faced with a void sentence, we are without authority to reform it." *Lombardo v. State*, 524 S.W.3d 808, 817 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Instead, the trial court must conduct a new hearing on punishment and assess a punishment within the statutorily prescribed punishment range. *See id.*

---

Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.").

7

## IV. CONCLUSION

We affirm appellant's conviction for bail jumping. We reverse appellant's sentence for continuous family violence and remand that case for a new hearing on punishment.

GINA M. BENAVIDES
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of June, 2023.