**DISMISS and Opinion Filed February 29, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01113-CR**

**JIBRI CALEB COLEMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F22-76038**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Partida-Kipness

Jibri Caleb Coleman appeals his conviction for murder. Appellant pleaded guilty before the trial court pursuant to a plea bargain, and the trial court followed the plea bargain and sentenced appellant to seventeen years' imprisonment. We conclude we lack jurisdiction over this appeal, and we dismiss the appeal.

On November 1, 2023, appellant signed a plea agreement stating he would plead guilty to the charged offense of murder and be sentenced to a "Term of Confinement in penitentiary for 17 years" with an affirmative finding that he "used or exhibited a deadly weapon, to-wit: Firearm." The trial court's written

admonitions to appellant included, "If the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give its permission to you before you may appeal on any matter in this case except for those matters raised by written motions prior to trial." The plea agreement also included written waivers of appellant's rights, including: "With the Court's approval, the defendant herein states that he/she: 11. Waives the right to appeal to the Court of Appeals."

During the plea hearing, the trial court told appellant, "Your lawyer has explained to you I have followed this plea agreement and you have no rights to appeal? You understand that?"; and appellant answered, "Yes." The trial court's certification of defendant's right of appeal states, "I certify that this criminal case: is a plea bargain case, and the defendant has NO right of appeal; the defendant has waived the right of appeal."

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a). Rule 25.2(a)(2) provides the following related to appeal rights in plea bargain cases:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A) those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B) after getting the trial court's permission to appeal, or

–2–

(C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2)(A)–(C).  When an appellant waives the right to appeal as part of a plea bargain agreement with the State, a subsequent notice of appeal fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), and "no inquiry into even possibly meritorious claims may be made." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).  When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

In this case, the record shows appellant and the State agreed appellant would plead guilty in exchange for a specific recommended punishment.  The documents appellant signed admonished appellant he would have no right of appeal if the trial court followed the punishment recommendation except for matters raised by written motion and ruled on before trial or if the trial court granted appellant permission to appeal.  The clerk's record does not contain any motion ruled on before trial, and the certification of appellant's right of appeal shows the trial court did not grant appellant permission to appeal.  Therefore, under Rule 25.2(a), appellant has no right of appeal.  *See Chavez*, 183 S.W.3d at 680.

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal.

–3–

TEX. R. APP. P. 25.2(d). Here, the certification affirmatively shows appellant did not have the right to appeal, and the certification is supported by the record. Therefore, we must dismiss the appeal. *Id.*; *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We requested letter briefs from appellant and the State addressing the jurisdictional issue. Appellant's counsel filed a letter brief analyzing the record, the statutes, and the case law governing this case, and counsel concluded, "In light of the record and the law applicable to the appeal of a plea bargain agreement, it does not appear that Appellant has a right of appeal in this case."

We conclude we lack jurisdiction over this appeal because the appeal is from a plea-bargained conviction from which appellant does not have the right of appeal and because appellant waived the right of appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
231113F.U05

—4—



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JIBRI CALEB COLEMAN,
Appellant

No. 05-23-01113-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F22-76038.
Opinion delivered by Justice Partida-
Kipness. Justices Nowell and Smith
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered February 29, 2024