**DISMISS and Opinion Filed July 11, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-24-00434-CR**
_____

**EMMANUEL PIPPINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F23-45622**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Reichek, and Justice Kennedy
Opinion by Chief Justice Burns

Appellant appeals his conviction for fraudulent use or possession of identifying information, a state jail felony. *See* TEX. PENAL CODE ANN. § 32.51(b), (c)(1). We conclude we lack jurisdiction over this appeal, and we dismiss the appeal.

A plea bargain provided that appellant would plead guilty to the charge and receive a punishment of nine months' confinement. The plea bargain also provided it was "open for 12.44(a)," meaning the trial court would decide whether the punishment would be reduced to misdemeanor punishment. *See id.* § 12.44(a). The

trial court found appellant guilty and sentenced him to nine months' confinement in the Dallas County Jail under section 12.44(a).

The plea agreement included admonitions to appellant, including that if the punishment assessed did not exceed the agreement between appellant and the prosecutor, the trial court would have to give permission for appellant to appeal. The plea agreement also included waivers of appellant's rights, including that appellant "Waives the right to appeal to the Court of Appeals." The record includes the trial court's certification of defendant's right of appeal and provides, "I certify that this criminal case is a plea-bargain case, and the defendant has no right of appeal."

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. TEX. R. APP. P. 25.2(a) Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), and "no

–2–

inquiry into even possibly meritorious claims may be made," *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

In this case, the record shows appellant and the State agreed appellant would plead guilty in exchange for a specific recommended punishment. The documents appellant signed admonished appellant he would have no right of appeal if the trial court followed the punishment recommendation except for matters raised by written motion and ruled on before trial or if the trial court granted appellant permission to appeal.

The clerk's record does not contain any motion ruled on before trial, and the certification of appellant's right of appeal shows the trial court did not grant appellant permission to appeal. Therefore, under Rule 25.2(a), appellant has no right of appeal. *See Chavez*, 183 S.W.3d at 680.

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification affirmatively shows appellant did not have the right to appeal, and the certification is supported by the record. Therefore, we

must dismiss the appeal. *Id.*; *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We requested appellant and the State to file letter briefs addressing the jurisdictional issue. Appellant's counsel filed a letter brief setting out the facts and then stating counsel "defers to the Court's determination of the jurisdictional issue in this case."

We conclude we lack jurisdiction over this appeal, and we dismiss the appeal for want of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

240434F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

EMMANUEL PIPPINS, Appellant

No. 05-24-00434-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F23-45622. Opinion delivered by Chief Justice Burns. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered July 11, 2024.