**DISMISS and Opinion Filed August 12, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00785-CR
### No. 05-24-00786-CR

**LARRY WHEELER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-00243, F20-00277**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Pedersen, III

Larry Wheeler appeals his convictions for sexual assault and aggravated sexual assault. We conclude we lack jurisdiction over the appeals, and we dismiss them for want of jurisdiction.

### CAUSE NO. F20-00243

In cause number F20-00243, appellant was indicted for sexual assault with two prior convictions for punishment enhancement. Appellant was found guilty by a jury. Appellant elected to have the trial court assess punishment. Before the punishment hearing began, the State and appellant reached an agreement as to

punishment whereby appellant would be sentenced to twenty-five years' imprisonment and he would waive his right of appeal. The trial court questioned appellant as follows:

> The Court: All right. The jury having found Mr. Wheeler guilty of the offense of sexual assault in Cause Number F20-00243, Mr. Wheeler and his attorney, Mr. Bill Cox, gave to the Court paperwork prior to the trial in intention to come to the Court for sentencing. My understanding today is that while we were on break, Mr. Cox and Mr. Wheeler came to an agreement with the State of Texas for a particular number of years. In addition, for that deal, they are giving up the right to appeal.
>
> Mr. Cox [appellant's counsel], is that correct?
>
> Mr. Cox: Correct, Your Honor.
>
> The Court: All right. State, is that correct?
>
> Ms. Diaz [prosecutor]: Yes, Your Honor; correct.
>
> The Court: . . . Mr. Wheeler, you understand that it is your right to have me sentence you . . . should you not agree with the plea deal that you and your lawyer have agreed to, and that will preserve your right to appeal. Do you understand that?
>
> The Defendant: Yes, ma'am.
>
> The Court: Understanding that, you would like to give up that right of appeal and take the 25-year sentence that you have agreed to with the State today?
>
> The Defendant: Yes, ma'am.

The trial court found the punishment-enhancement allegations true and sentenced appellant to twenty-five years' imprisonment in accordance with the parties' agreement. The trial court's certification of defendant's right of appeal states, "the defendant has waived the right of appeal."

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *see* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (defendant in non-capital case "may waive any right secured him by law"). A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's permission. *See Carson*, 559 S.W.3d at 492–93; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009). When a defendant waives his right to appeal in exchange for consideration from the State, a defendant's waiver is made knowingly, intelligently, and voluntarily, and he is prevented from appealing any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d at 697–99; *Bruner v. State*, No. 01-18-00635-CR, 2018 WL 4131088, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication). An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the appellate record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the record demonstrates that appellant voluntarily agreed to waive his right to appeal in exchange for a twenty-five-year sentence recommendation from the State. The reporter's record supports the trial court's certification that appellant waived his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal for

lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## CAUSE NO. F20-00277

In cause number F20-00277, appellant was indicted for aggravated sexual assault with two punishment-enhancement paragraphs. After appellant was found guilty in F20-00243, appellant and the State reached a plea bargain where appellant would plead guilty to aggravated sexual assault and the State would abandon the punishment-enhancement paragraphs and recommend a punishment of ten years' imprisonment. The agreement admonished appellant that "[i]f the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give its permission to you before you may appeal on any matter in this case except for those matters raised by written motions prior to trial." The agreement also provided, appellant "herein states that he/she: . . . Waives the right to appeal to the Court of Appeals." The trial court accepted the agreement and sentenced appellant to ten years' imprisonment. The trial court, appellant, and his counsel signed the Trial Court's Certification of Defendant's Right of Appeal, which states, "I certify that this criminal case is a plea-bargain case, and the defendant has NO right of appeal; the defendant has waived the right of appeal."

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. TEX. R. APP. P. 25.2(a) Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014), and "no inquiry into even possibly meritorious claims may be made," *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680.

In this case, the record shows appellant and the State agreed appellant would plead guilty to aggravated sexual assault in exchange for a specific recommended punishment, ten years' imprisonment. The documents appellant signed admonished

–5–

appellant he would have no right of appeal if the trial court followed the punishment recommendation except for matters raised by written motion and ruled on before trial or if the trial court granted appellant permission to appeal.

The clerk's record does not contain any motion ruled on before trial, and the certification of appellant's right of appeal shows the trial court did not grant appellant permission to appeal. Therefore, under Rule 25.2(a), appellant has no right of appeal. *See Chavez*, 183 S.W.3d at 680.

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification affirmatively shows appellant did not have the right to appeal, and the certification is supported by the record. Therefore, we must dismiss the appeal. *Id.*; *see Dears*, 154 S.W.3d at 613.

## CONCLUSION

We dismiss these appeals for want of jurisdiction.

/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

240785F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY WHEELER, Appellant

No. 05-24-00785-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F20-00243. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered August 12, 2024



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

LARRY WHEELER, Appellant

No. 05-24-00786-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F20-00277. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered August 12, 2024